SUMMARY ORDER
The defendant appeals from a sentence imposed by the United States District Court for the Southern District of New York. The defendant pled guilty to failing to surrender for the service of a 97-month prison sentence imposed upon him for a prior offense, to which he also pled guilty. The district court sentenced the defendant above the applicable Guidelines range to, principally, a 23-month term of incarceration, to run consecutive to the 97 — 19 month term. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on appeal.
We review the reasonableness of the sentence under an abuse-of-discretion standard, setting aside a sentence for procedural reasons if, inter alia, the district court “does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact,” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc), and “set[ting] aside a district court's substantive determination only in exceptional cases where the trial court’s decision ‘cannot be located within the range of permissible decisions,’ ” id. at 190 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir.2007)). In conducting substantive review, we must “take into account the totality of the circumstances, giving due deference to the sentencing judge’s exercise of discretion, and bearing in mind the institutional advantages of district courts.” Id. at 190. We do not presume a non-Guidelines sentence is unreasonable or require extraordinary circumstances to justify such a departure. Id. We may, however, take the degree of departure into account on review. See id. We may also “consider whether a factor relied on by a sentencing court can bear the weight assigned to it ... under the totality of circumstances in the case.” Id. at 191.
The defendant makes four arguments that the sentence is unreasonable.
First, the defendant contests the district court’s finding that his “determination to jump bail was obviously premeditated,” in light of certain preparations for flight to Mexico that he made before his sentenc *15 ing. The defendant argues that if this finding were true, then “it makes no sense that he showed up to be sentenced” after making the preparations. The argument does not follow. The defendant might well have been willing to accept a short term of incarceration, but also made plans to flee as a hedge against the risk of a sentence on the order of the one he received. The premeditation finding was therefore not absurd, as the defendant would have it, in light of the defendant’s appearance at sentencing.
Second, the defendant points out that he withdrew $8,000 in cash before, not after, his sentencing, arguing that the district court was wrong to rely on the withdrawal as evidence of premeditation. But the premeditation finding was supported by more than the withdrawal: The district court noted that the defendant “sent ... internet communications seeking driving directions to Mexico and [inquired] whether he could get there having only a green card and not a passport.” The court also took into consideration the fact that the defendant “lied directly to the court’s face with respect to his intentions, saying that he wished to see his mother who was ailing and apparently enlisted his family members to do so as well.” Moreover, the defendant admitted considering flight to Mexico before he was sentenced. The defendant does not seriously contest those facts and does not argue that they cannot serve as factual support for the premeditation finding. We conclude, therefore, that the premeditation finding was not erroneous.
Third, the defendant argues that a departure based on premeditation was unreasonable because that “factor[ ]” is “at issue in every failure to surrender.” We disagree. While every convicted bail-jumper must have intended to jump bail, not every bail-jumper makes plans to do so before he is sentenced, let alone fabricates a cover story to the court to facilitate the escape. The district court acted well within its discretion to factor this behavior into its sentence.
Fourth, the defendant argues that “the District Court did not give weight to the balance of the § 3553(a) factors.” But the court explicitly considered each of the factors. There was no error.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.